UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN LEE TRIPP,

    Petitioner,

v.

JOE LOMBARDO, Sheriff of Clark County, Nevada, *et al.*,

    Respondents.

Case No. C17-1050-RSL-JPD

REPORT AND RECOMMENDATION

Petitioner Justin Tripp is currently confined at the Clark County Detention Center in Las Vegas, Nevada. He has submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner indicates in his petition that he is being detained on both pending Nevada state criminal charges and on a federal warrant issued in this district for violating the terms of supervised release imposed in case number CR11-134-JCC. Petitioner asserts that the outstanding warrant from this district is preventing the State of Nevada from dismissing the pending state charges, and he asks that the U.S. Marshals Service be ordered to transport him back to this district for purposes of his supervised release revocation hearing. Petitioner maintains that the state criminal case has languished while Nevada authorities wait for

REPORT AND RECOMMENDATION
PAGE - 1

the federal government to extradite him, and that his ongoing incarceration violates his due process rights.

A § 2241 petition for writ of habeas corpus must "be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)); *see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). While the physical presence of the petitioner is not necessary, at a minimum, jurisdiction must exist over the petitioner's custodian. *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir. 1987) (citing *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) and *Giddings*, 740 F.2d at 772). "Without such jurisdiction, we have no authority to direct the actions of the restraining officials." *Subias*, 835 F.2d at 1289. This Court clearly has no jurisdiction over petitioner's current custodian whom petitioner identifies as Joe Lombardo, the Clark County Sheriff in Las Vegas, Nevada. (Dkt. 1-1 at 5.)

Under the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." *See e.g. Miller v. Hambrick*, 905 F.2d 259 (9th Cir. 1990). Given the nature of petitioner's claims, it appears that it would be in the interest of justice to transfer this case to the court having jurisdiction over petitioner's custodian. Accordingly, this Court recommends that this action be transferred to the United States District Court for the District of Nevada. A proposed Order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 2

1       Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 28, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 1, 2017.**

      This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

      DATED this 7th day of August, 2017.

*[signature]*

JAMES P. DONOHUE
Chief United States Magistrate Judge